United States District Court
Southern District of Texas
**ENTERED**
May 21, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUSTIN NOVICK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-1020 |
| | § | |
| SHIPCOM WIRELESS, INC., | § | |
| | § | |
| Defendant. | § | |

### ORDER DENYING DEFENDANT'S RULE 52(C) MOTION

At the close of Plaintiff's case-in-chief during the May 9, 2018 bench trial, Defendant moved under Rule 52(c) for judgment on Count Two, arguing that Defendant was not required to provide initial notices of COBRA coverage when Plaintiff commenced coverage under the Plan in May 2014 because Plaintiff failed to prove Defendant had 20 or more employees on a typical business day during 2013. The Court carried the motion, and Defendant subsequently filed a post-trial brief in support of its argument.[1]

Under the "small-employer exception," "COBRA 'shall not apply to any group health plan for any calender year if all employers maintaining such plan normally employed fewer than 20 employees on a typical business day during the preceding calendar year.'" Kidder v. H & B Marine Inc., 932 F.2d 347, 353 (5th Cir. 1991)

---

[1] Document No. 34.

(quoting 29 U.S.C. § 1161(b)). Thus, "if an employer 'normally employed fewer than 20 employees on a typical business day during the preceding calendar year,' it does not have to provide notice of continuation of health insurance coverage." Marrs-Gonzalez v. Oasis Lending, Inc., No. 08-81010-CIV, 2009 WL 2488300, at *2 (S.D. Fla. Aug. 12, 2009).

Defendant's Exhibit 1, which was received in evidence during Plaintiff's case-in-chief, is Defendant's application to UnitedHealthCare for group health insurance coverage effective March 1, 2013. The application, signed on February 28, 2013 by Defendant's broker and on March 1, 2013 by Defendant's representative, states that Defendant had 22 eligible employees and 2 ineligible employees, for a total of 24 employees.[2] This is consistent with the trial testimony of Defendant's witness, Nakul Goenka, who testified that Defendant had fewer than 20 employees until 2013. There is no evidence that the number of Defendant's employees after March 1, 2013 throughout the remainder of 2013 at any time dropped to a number fewer than 20. The evidence thus establishes that in 2013 Defendant normally employed more than 20 employees on a typical business day. The small-employer exception therefore did not apply in 2014, when Plaintiff was

---

[2] The application also states that the average total number of employees for the *prior* calendar year--that is, 2012--was 18.

2

hired, and Defendant was required to comply with COBRA in 2014. It is therefore

    ORDERED that Defendant's Rule 52(c) motion is DENIED.

    The Clerk will enter this Order, providing a correct copy to all counsel of record.

    SIGNED at Houston, Texas, on this 21ST day of May, 2018.

EWING WERLEIN, JR.<br>
UNITED STATES DISTRICT JUDGE